**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL GOTEL, on behalf of himself and all others similarly situated, | CIVIL ACTION |
| Plaintiff, | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| -against- | |
| FIRSTSOURCE ADVANTAGE, LLC, | |
| Defendant. | |

Plaintiff DANIEL GOTEL (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Cohen & Mizrahi LLP, against Defendant FIRSTSOURCE ADVANTAGE, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Fed. R. Civ. P. 23, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq*. of the FDCPA.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Upon information and belief, Defendant is a New York limited liability company with its principal place of business located in Amherst, New York.

10. Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under § 1692a(6) of the FDCPA.

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

13. The Class consists of (a) all individuals with addresses in Kings County in the State of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) without identifying the amount of debt owed and falsely implying that paying the debt in full will enhance consumer's creditworthiness and ability to obtain new product with American Express (e) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

14. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1962e.

17. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

18. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits,

complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

- (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

- (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e.

- (c) **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

- (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to

vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS PARTICULAR TO DANIEL GOTEL

22. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if set forth at length herein.

23. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, facsimile, and Internet.

24. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a collection letter to Plaintiff seeking to collect on unpaid accounts allegedly owed to American Express ("AmEx").

25. On or around November 28, 2017, Defendant sent Plaintiff a collection letter (the "Collection Letter"). A copy of the Collection Letter is attached hereto and incorporated herein as **Exhibit A**.

26. The Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

27. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28. The Collection Letter provides, in pertinent part, as follows:

> "As of the letter date above, you owe $5,650.35."

29. The Collection Letter also provides, in pertinent part, as follows:

> "If you resolve the balance in full, there may be an opportunity for you to regain card membership with American Express."

30. As a result of the following Counts, Defendant violated the FDCPA.

## First Count
## Violation of 15 U.S.C. §1692e
## False or Misleading Representations

31. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, 15 U.S.C. § 1692e.

33. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

34. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

35. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

36. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

37. Defendant's conduct constitutes a false, deceptive and misleading representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

38. The Collection Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

39. Pursuant to the terms and conditions of the agreement between AmEx and Plaintiff, AmEx charged Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

40. The right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by AmEx.

41. The right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

42. Plaintiff was never informed by anyone that the terms and conditions of the underlying agreement were changed.

43. Pursuant to the terms and conditions of the credit agreement, interest and late fees continued to accrue on any payments due but not timely made by Plaintiff.

44. Pursuant to the terms and conditions of the credit agreement, AmEx and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

45. Pursuant to the terms and conditions of the credit agreement, the legal right of AmEx and any assignee or successor-in-interest to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff is not waived by AmEx or any assignee or successor-in-interest as a result of a failure by either AmEx or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest and late fees.

46. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and late fees.

47. The Collection Letter failed to disclose that the balance stated may increase due to interest and late fees.

48. Based on the foregoing, the Collection Letter violates 15 U.S.C. § 1692e.

49. In the alternative, Plaintiff's account was not subject to the accrual of interest and late fees.

50. By stating "[a]s of the letter date above, you owe $5,650.35[,]" Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the balance would be subject to change and could be subject to additional interest and late fees.

51. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, § 1692(e).

52. Because the Collection Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

53. For these reasons, Defendant violated 15 U.S.C. § 1692e. See *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)); see also *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-

CV-00523(ADS)(ARL), 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017); *Islam v. American Recovery Service Incorporated*, 17-CV-4228 (BMC), 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 30, 2017).

54. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, § 1692(e).

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, statutory damages, costs and reasonable attorneys' fees.

## Second Count
## 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A) & 1692f
## The Collection Letter Falsely Implies That Paying the Debt Claimed In Full Will Enhance The Consumer's Likelihood Of Receiving Future Credit Products, And Will Lead To Improved Creditworthiness

56. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

57. Sections 1692e, 1692e(10), and 1692e(2)(A) of the FDCPA prohibit false, misleading or deceitful statements in collection communications.

58. Section 1692f prohibits debt collectors from using unconscionable or unfair means in connection with the collection of a debt.

59. A collection notice that may confuse or mislead the least sophisticated consumer is deceptive under the FDCPA where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996); *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3rd Cir. 2006); *Kistener v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008); *Gonzales v. Arrow Fin. Servs., LLC*, 660

F.3d 1055 (9th Cir. 2011) (conditional language on liability such as "may" or "if" may render a true statement misleading).

60.  According to guidance published by the Consumer Financial Protection Bureau (hereinafter "CFPB"), a debt collector's representation to a consumer that paying debts may improve the consumer's creditworthiness or "enhance the likelihood that a consumer will subsequently receive credit from a lender" may be deceptive. CFPB Bulletin 2013-08 – Representations Regarding Effect of Debt Payments on Credit Reports and Scores (July 10, 2013). *Available at: http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf*.

61.  The CFPB has authority to issue substantive rules for debt collection under the FDCPA. *Zweigenhaft v. Receivables Performance Mgmt., LLC*, No. 14-CV-01074 (RJD)(JMA), 2014 WL 6085912, at *3 n.2 (E.D.N.Y. Nov. 13, 2014).

62.  Courts appropriately consider guidance in CFPB Bulletins and other publications to determine whether a given statement or communication violates the FDCPA. See, e.g., *Zweigenhaft*, 2014 WL 6085912, at *3 (E.D.N.Y. Nov. 13, 2014); *Bautz v. ARS Nat'l Servs., Inc.*, 226 F. Supp. 3d 131, 148 n.7 (E.D.N.Y. 2016); *Portalatin v. Blatt*, 125 F. Supp. 3d 810, 816 (N.D. Ill. 2015)(citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 130 S. Ct. 1605 (2010))*; Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 573 (S.D. Tex. 2015); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 398 (6th Cir. 2015); *Oberg v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7369, 2015 WL 9478213 (N.D. Ill. Dec. 29, 2015).

63.  Courts frequently adjure debt collectors to look to consumer protection agencies for compliance with the FDCPA, as the rules, guidance and advisory opinions issued by these agencies are supported by extensive scientific studies and research to determine whether certain

collection practices are likely to deceive the least sophisticated consumer. See, e.g., *Bautz*, 226 F. Supp.3d at 148 n.7; *Portalatin*, 125 F. Supp. 3d at 816 (citing *Jerman*, 559 U.S. 573 (2010)) ("the whole point of authorizing the CFPB to produce advisory opinions is to encourage debt collectors to seek CFPB guidance regarding the meaning of the FDCPA."); *Oberg*, 2015 WL 9478213, at *3 (N.D. Ill. Dec. 29, 2015) (Section 1692k(e) "provides that a debt collector that acts in reliance on a CFPB advisory opinion cannot be held liable even if the CFPB advisory opinion is later rescinded or reversed, either by the agency or by judicial decision").

64. The Collection Letter provides, in pertinent part, as follows:

> "If you resolve the balance in full, there may be an opportunity for you to regain card membership with American Express."

65. Defendant's Collection Letter is misleading and deceptive viewed from the perspective of the least sophisticated consumer, in that Defendant implies that the consumer may enhance his likelihood of approval for credit products by paying the claimed debt in full rather than a reduced settlement amount.

66. This language falsely implies that if the Plaintiff pays the claimed balance in full rather than settling the account for less, Plaintiff could enhance his likelihood of receiving future credit products from AmEx or improve his overall creditworthiness.

67. Upon information and belief, Plaintiff's payment in full of the amount claimed would not have enhanced his likelihood of obtaining AmEx credit products or services in the future, nor would it have improved his overall creditworthiness.

68. Thus, Defendant's Collection Letter violates Section 1692e(10) of the FDCPA when viewed from the perspective of the "least sophisticated consumer," by falsely implying that payment in-full of the alleged debt would have enhanced his likelihood of receiving future credit

products or enhanced his overall creditworthiness.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ *Daniel A. Louro*
Daniel A. Louro, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Telephone: (929) 575-4175
Facsimile: (929) 575-4195
Email: dlouro@cml.legal
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel A. Louro*
Daniel A. Louro, Esq.

Dated: Brooklyn, New York
June 12, 2018